JANE B. STRANCH, Circuit Judge,
concurring.
I concur with the lead opinion in this case. However, I write separately to urge the en banc court to avail itself of the next opportunity to reexamine our decisions imposing a “sole reason” standard on the Americans with Disabilities Act (“ADA”).
Following enactment of the ADA in 1990, courts grappled with how to articulate the standards applicable to ADA litigation. Lacking precedent and finding a number of eases alleging claims under the ADA and the Rehabilitation Act of 1973 (“RA”), courts turned to the RA for guidance in interpreting the ADA. Such was the case in Maddox v. University of Tennessee, where the district court conducted a thorough analysis of the claim under the RA, then summarily concluded that the same analysis and outcome applied to the ADA claim. 907 F.Supp. 1144, 1152 (E.D.Tenn.1994) (“What the court has stated above [about the Rehabilitation Act claim] requires it to conclude as a matter of law that the plaintiff has not shown that he was subjected to discrimination because of his disability, and that the defendants are therefore entitled to summary judgment [as to the ADA claim as well].”).
On appeal, a panel of this Court adopted the district court’s analogous treatment of the two claims in an equally eonclusory manner. Maddox v. Univ. of Tenn., 62 F.3d 843, 846 n. 2 (6th Cir.1995) (“The ADA parallels the protection of the Rehabilitation Act.... The district court held that its reasoning with respect to the Rehabilitation Act claim applied with equal force to the ADA claim. We agree and will therefore review the respective claims accordingly.”) (omission from original). Thus, with absolutely no discussion of the textual or historical distinctions between *263 the two acts, this Circuit imposed the RA standard, including the sole motivation test, on the ADA. In Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1177-78 (6th Cir.1996), the Court, relying on Maddox, analyzed plaintiffs ADA claim under the three-prong RA standard, thus entrenching the sole motivation test in this Circuit’s ADA precedence.
I believe a more complete analysis of the two acts dictates a contrary result. First, the problem with the analogy presumed by Maddox and Monette is that the texts of the respective statutes differ in a key respect. While the RA prohibits discrimination against an individual “solely by reason of his or her disability,” 29 U.S.C. § 794(a), the ADA prohibits discrimination “on the basis of’ the individual’s disability, 42 U.S.C. § 12112(a).[1] While the text of the RA mandates the sole motivation standard, no derivation of the word “sole” appears in any liability provision of the ADA.
Second, it appears that Congress intended this key language difference. Early legislative history suggests that Congress perceived the RA as not wholly sufficient to protect the interests of disabled individuals in the workforce. See, e.g., 96 Cong. Rec. 1389 (daily ed. Mar. 28, 1979) (statement of Rep. Moakley) (“Some steps have been taken to eliminate employment discrimination of the handicapped[, including passage of the Rehabilitation Act and legislation at the state level.] However, this is not enough.”). Later history indicates that Congress viewed the ADA as analogous to the primary law governing employment discrimination, Title VII, and intended claims of disability discrimination under the ADA and Title VII to be treated comparably:
And they should be parallel. The remedies for victims of discrimination because of disability should be the same as the remedies for victims of race, color, religion, sex, and national origin discrimination .... The remedies should remain the same, for minorities, for women, and for persons with disabilities. No more. No less.
101 Cong. Rec. 2599, 2615 (daily ed. May 22, 1990) (statement of Rep. Edwards). The exemplar to which the ADA is to conform plainly states, “... an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.” 42 U.S.C. § 2000e-2(m) (emphasis added).
Congress amended the ADA in 2008 to replace the “because of’ language with “on the basis of’ language. ADA Amendments Act of 2008, Pub.L. No. 110-325, 112 Stat. 3553. In doing so, Congress again stated its purpose:
Aligning the construction of the Americans with Disabilities Act with Title VII of the Civil Rights Act of 1964, the bill amends Title I of the ADA to provide that no covered entity shall discriminate against a qualified individual “on the basis of disability.”
154 Cong. Rec. S8342, 8344 (daily ed. Sept. 11, 2008) (statement of Sen. Harkin) (quote *264 taken from the Statement of Managers to Accompany S. 3406 as read into the Record). Specifically as to the insertion of the “on the basis of’ language, Congress stated that “[t]he bill amends Section 102 of the ADA to mirror the structure of nondiscrimination protection provision in Title VII of the Civil Rights Act of 1964.” Id. at 8347.
The text of Title I of the ADA also bears evidence of this congressional intent. ADA § 12117, entitled “Enforcement,” provides that the “powers, remedies, and procedures” set forth in specifically listed sections of Title VII “shall be the powers, remedies, and procedures this title provides to ... any person alleging discrimination on the basis of disability....” 42 U.S.C. § 12117(a). Those enumerated sections include Title VII’s “Enforcement Provisions” set out in § 2000e-5, a remedies provision which references the “motivating factor” standard. 42 U.S.C. § 2000e-5(g)(2)(B). Thus, the ADA’s remedies provision incorporates the “motivating factor” standard of Title VII. Cf. Baird v. Rose, 192 F.3d 462, 470 (4th Cir.1999) (noting the incorporation of Title VII remedies in Title II of the ADA and compiling cases).
It appears to me that we have failed to heed statutory and congressional instruction. Under current Sixth Circuit precedent, a distinction exists that lacks support in statutory language — a distinction that results in lesser protection of disabled employees under the ADA than that afforded to employees covered by Title VII. In the Sixth Circuit, ADA plaintiffs must prove their disability was the “sole” reason for their employers’ actions. Case law indicates every other circuit that has addressed the issue, save one,[2] has held an employee may recover under the ADA if the employee’s disability was a “motivating factor” in the adverse action. Those circuits have adopted an analytical approach akin to that under Title VII, as envisioned by legislative history and incorporated in statutory language. We have not.
Monette is well-established in this Circuit, but our initial, presumably unintentional, misstep is not without its critics. Panels have begrudgingly recited the “sole” standard in ADA employment discrimination cases as required by 6th Cir. R. 206(c). See, e.g., Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 454 (6th Cir.2004) (“While it is true ... that some of our sister circuits have held that an ADA plaintiff need not demonstrate that disability was the sole reason for the adverse employment action ..., Monette and Walsh [v. United Parcel Service, 201 F.3d 718 (6th Cir.2000) ] remain good law in this circuit, and we are bound by this authority.”); Macy v. Hopkins Cty. Sch. Bd. of Educ., 484 F.3d 357, 363-64 & n. 2 (6th Cir.2007) (“We are, of course, currently bound by Monette and Hedrick, ... whether the reasoning set forth in those opinions was correct or not.”); Jones v. Potter, 488 F.3d 397, 403 (6th Cir.2007) (“[Ujnlike ‘every other circuit save one,’ the Sixth Circuit continues to subject claims brought under either the ADA or the Rehabilitation Act to the same substantive standard despite the linguistic differences between the two acts.” (quoting Macy)); Everson v. Leis, No. 09-4355, 412 Fed.Appx. 771, 786 n. 7, 2011 WL 463231, 2011 U.S.App. LEXIS 2706, at n. 7 & *43 (6th Cir. Feb. 10, 2011) (Moore, J., dissenting) (“Because our ‘solely because of standard is in tension with the majority of circuits, I believe that our en banc court *265 should consider the continued validity of our decisions applying this standard in an appropriate case.”).
I take this opportunity to lend my voice to the others that have urged the en banc court to reconsider our initial importation of the sole motivation standard from the RA into the ADA. I do not find our position justifiable in light of the tenets of statutory construction. This case is appropriately decided under either standard; however, future cases will carry this Circuit further into an analysis that we already question and one at variance with the majority of other circuits.[3] At the next opportunity, I urge reconsideration of this Circuit’s ADA standard by the en banc court.

. At the time of the Monette decision, the relevant section of the ADA read: “No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to... 42 U.S.C. § 12112(a) (emphasis added). However, the current version of § 12112(a) reads: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.” Id. (emphasis added).

. The 10th Circuit, in Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir.2005), also adopted the "sole reason" test for the same reason the 6th Circuit adopted it in Monette.

. It appears that eight circuits have refused to read the sole reason standard into any title of the ADA. See, e.g., Head v. Glacier Northwest, Inc., 413 F.3d 1053, 1065 (9th Cir.2005) (“Thus, on the basis of the plain language of the ADA, and with the support of seven other circuits, we conclude that solely’ is not the appropriate causal standard under any of the ADA's liability provisions.”).